UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER DUANE EATON, DAVID
EATON and SHERI WEIGAND,

          Plaintiffs,

v.

MARK BOLES, *et al.*,

          Defendants.

_____/

Case No. 5:03-CV-165

Hon. Ellen S. Carmody

**OPINION**

      This matter is before the Court on Plaintiffs' Motions *in Limine*, Defendants' Motion *in Limine*, and Plaintiffs' Motion to Amend the Joint Final Pretrial Order.

**I.      Background**

      Plaintiffs are the owners of property at 16 Pickford Avenue (the "property"), Emmett Township, Calhoun County, Michigan.   The property was demolished by Defendant Boles Excavating and Topsoil Corporation on the order of the Emmet Township Board of Trustees.[1] Plaintiffs allege that they were not given proper process by the condemning authority and filed this suit on October 23, 2003 against Boles, Emmett Township, and the individual members of the Emmett Township Board of Trustees alleging violations of the United States Constitution under 42 U.S.C. § 1983 by Boles, Emmett Township, and the Township Trustees, and trespass and conversion

_____

[1] On March 29, 2004, Mark Boles was terminated as a Defendant and Boles Excavating and Topsoil Corp. was added as a Defendant.

by Boles.[2]  Plaintiffs moved for summary judgment on March 5, 2004, and the Court denied Plaintiffs' motion on May 14, 2004.

## II.     Controlling Standards

The Court exercises discretion over matters involving the admissibility and relevancy of evidence at trial.  *United States v. Seago*, 930 F.2d 482, 494 (6th Cir. 1991).  The preferred method for doing so is, as in this case, by rulings in advance of trial so as to save court resources, permit an efficient presentation of proofs to the jury, and avoid jury prejudice.  *See* Fed. R. Evid. 103.

Evidentiary rulings depend in large part on the trial court's assessment of the relevance of the proffered evidence and the extent of any prejudice caused by its admission.  Under Federal Rule of Evidence 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Under Federal Rule of Evidence 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

## III.    Analysis

The parties move *in limine* for several pretrial rulings.  Specifically, Plaintiffs move to exclude Defendants' Exhibit V from evidence.  Defendants seek to exclude Plaintiffs' Exhibit 18. Plaintiffs seek clarification as to the proper measure of damages.  Plaintiffs move to exclude the

---

[2] On March 31, 2004, Plaintiffs filed a Notice of Withdrawal of Counts V and VI of their original Complaint, which alleged violations of the Michigan State Constitution by Emmett Township and trespass by the Township Trustees.  Plaintiffs amended their Complaint on June 18, 2004.

property's assessed value and estate inventories.  Plaintiffs seek the exclusion of Defendants' Exhibit W from evidence.  Plaintiff move to exclude Defendants' Exhibits X and H.  Lastly, Plaintiffs move to amend the Joint Final Pretrial Order.  The Court will address each motion in turn.

### A.     Plaintiffs' Motion *in Limine* Regarding Defendants' Exhibit V

Defendants' Exhibit V is an October 17, 1995 letter from Joyce Foondle to Plaintiff Mark Eaton.  In her letter, Foondle, as the Emmett Township Public Service Administrator, advised Plaintiff Eaton that because his property was deemed to be of nonconforming use or abandoned for six consecutive months, a sale of the property for commercial purposes would be in violation of an Emmett Township ordinance.  Plaintiffs move to exclude the letter, relying principally on Federal Rule of Evidence 803(8)(C).

Rule 803(8)(C) permits the admission of evidence of public records and reports, even when hearsay, and provides in pertinent part that:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth . . . (C) in civil actions and proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Plaintiffs contend that because the Foondle letter contained a legal conclusion on the status of the property, it is untrustworthy evidence under Rule 803(8)(C).[3]

In *Beech Aircraft Corp. v. Rainey*, the Supreme Court held that evidence within the ambit of Rule 803(8)(C) which, along with factual accounts, contains opinions, conclusions, and

---

[3] Plaintiffs have also, clearly as an afterthought, claimed the letter's probity is substantially outweighed by the danger of prejudice, confusion of the issues, or misleading the jury. Fed. R. Evid. 403.  Plaintiffs have simply parroted the language of Rule 403 and offered no reasoning as to why Rule 403 requires exclusion.  However, because the Court will grant Plaintiffs' motion on other grounds, it will not reach this issue.

evaluations is admissible under Rule 803(8)(C).  488 U.S. 153, 168-69 (1988).  While *Rainey* left unanswered whether legal conclusions contained in public records are admissible under Rule 803(8)(C),  *Rainey*, 488 U.S. at 170 n.13, circuit courts of appeals with this question before them have responded in the negative.  *See Hines v. Brandon Steel Decks, Inc.,* 886 F.2d 299, 303 (11th Cir. 1989); *Martin v. Cavalier Hotel Corp.,* 48 F.3d 1343, 1357-58 (4th Cir. 1995).

In *Hines* the Eleventh Circuit Court of Appeals determined that "legal conclusions contained in [public] reports would not fall within Rule 803(8)(C) as a 'finding.'"  886 F.2d at 302-03 (other citations omitted).  Interpreting Rule 803(8)(C), the court found that "[t]he common meaning of finding . . . comports with investigative conclusions (*i.e.,* the results derived from the examination of facts), but not with idle speculation or legal conclusions: 'a finding does not include legal conclusions that may have been reached by an investigator and is necessarily something more than a mere recitation of evidence . . . .' " *Id.*  The court went on to observe that a legal conclusion contained in a public report is inadmissible because "the jury would have no way of knowing whether the preparer of the report was cognizant of the requirements underlying the legal conclusion and, if not, whether the preparer might have a higher or lower standard than the law requires." *Id.*

The Foondle letter is a legal conclusion because it assesses the permissible use of the property after a subsequent sale.  Her conclusion called for a legal determination on whether the property was abandoned.  As such the Court finds the Foondle letter inadmissible in its entirety because the whole document is essentially legal analysis.  A juror would have no way of knowing if Foondle knew the proper standard  for abandonment when her legal conclusion was formed.[4]

---

[4] The parties have spent significant energies on the issue of whether or not Foondle was right in her assessment.  These arguments miss the mark.  It is not dispositive why she made a legal conclusion in her report—what is crucial is that she made one at all.

Thus, the Court will grant Plaintiffs' Motion *in Limine* Regarding Exhibit V and exclude this evidence from consideration by the jury.[5]

### B.    Defendants' Motion *in Limine* Regarding Plaintiffs' Exhibit 18

Plaintiffs' Exhibit 18 is a compendium of property values and variables that Plaintiff Roger Eaton used to evaluate his property value.  Defendants move to exclude the property listings.  This evidence is hearsay because it is an out of court statement offered for the truth of the matter asserted.[6]  Fed. R. Evid. 801(c).

Thus, the Court will grant Defendants' Motion *in Limine* Regarding Exhibit 18 and exclude this evidence from consideration by the jury.[7]

### C.    Plaintiffs' Motion *in Limine* Regarding Measure of Damages

Plaintiffs' Motion *in Limine* Regarding Measure of Damages asks this Court to determine the proper method of valuing Plaintiffs' demolished property, *i.e.*, the proper way to determine just compensation.[8]  Plaintiffs' submit that the measure of damages should be the fair market value of

---

[5] For the same reason that the report is inadmissible under 803(8)(C), it is also inadmissible under 803(6) as a business record because it is a legal conclusion.

[6] Beyond terming this evidence as a chart or compendium, neither party has indicated what exactly this document is or where it came from; therefore, the Court will reserve judgment on the applicability of a hearsay exception.

[7] Of course Plaintiffs are not precluded from relying on such evidence in preparing for Plaintiffs' testimony or refreshing Plaintiffs' recollection during testimony.

[8] Plaintiffs direct the Court's attention to the Fifth Amendment and its prohibition against taking private property for public use without just compensation.  Curious to the Court is that Plaintiffs have never specifically alleged a taking under the Fifth Amendment.  Indeed, not once in Plaintiffs' First Amended Complaint does the word "taking" appear.  Nevertheless, the Court finds that Plaintiffs have pled facts and allegations that if proven would state a claim under the Takings Clause of the Fifth Amendment and will therefore construe Plaintiffs' Complaint as seeking relief analogous to an unconstitutional taking.

the property at the date of the taking plus interest.  Defendants contend that fair market value is too amorphous for jurors to reach a common understanding of and that interest should not be included in such computations.

Just compensation for condemned property is the amount of money necessary to put the landowner in as good a pecuniary position—but no better—as he would have been in if his property had not been taken.  *United States v. 1,291.83 Acres of Land*, 411 F.2d 1081, 1084 (6th Cir. 1969). It is measured by the highest and best use of the land; that use which would fetch the highest price, *id.*, on the date it was appropriated.  *Kirby Forest Indus., Inc. v. U.S.*, 467 U.S. 1, 10 (1984).  The highest and best use of the property can be based upon reasonable future probability; however, "speculative and remote possibilities cannot become a guide for the ascertainment of value," especially when the creation of such a potential use would require a substantial investment of capital. *1,291.83 Acres of Land*, 411 F.2d at 1084.  Finally, if the condemning entity does not compensate the owner at the time of the taking, the owner is entitled to interest sufficient to ensure that he is placed in as good a position pecuniarily as if the payment had coincided with the condemnation. *Kirby*, 467 U.S. at 10-11 (other citations omitted).

The Court finds that the measure of damages in this case shall be determined by the highest and best use of the property at the time it was condemned, compounded by interest, that can be proven by Plaintiffs' within a reasonable degree of certainty.  Proposed uses that are speculative or far-fetched under the circumstances will not be considered.

Thus, the Court will grant Plaintiffs' Motion *in Limine* Regarding Measure of Damages.

### D.    Plaintiffs' Motion *in Limine* Regarding Assessed Valuation and Estate Inventories

Plaintiffs' Motion *in Limine* Regarding Assessed Valuation and Estate Inventories seeks to exclude from evidence valuation of the property by tax assessors.  Plaintiffs' motion also seeks the exclusion of the estate inventories and David Zabell's probate filings.

"It is widely recognized that appraisements of property by tax assessors for purposes of taxation are not reliable guides of market value, and consequently not admissible in condemnation proceedings."  *Johnson & Wimsatt v. Reichelderfer*, 50 F.2d 336, 337 (D.C. Cir. 1931) (other citations omitted); *U.S. v. Certain Parcels of Land in Arlington County, State of Va.*, 261 F.2d 287, 289 (4th Cir. 1958) (the "general rule is that [tax assessments are] not admissible on the question of value in a condemnation proceeding . . . .").  Thus, Defendants may not offer the tax assessment as evidence against Plaintiffs.  Furthermore, the evidence is inadmissible for the same reasons when offered by Plaintiffs.[9]  *Id.*

Plaintiffs' request to exclude the estate inventories and David Zabell's probate filings is duplicative.  This Court has already ruled in a March 24, 2005 Opinion that it "will not determine the admissibility of inventory and other documents filed by [David Zabell (personal representative of the estate)] . . . because Plaintiffs have failed to submit such evidence or indicate to the Court the contents of such evidence . . . the Court has no basis to make a determination . . . ."  Plaintiffs have failed to submit a requisite record of evidence for the Court to make a competent evidentiary appraisal and the Court will *again* defer judgment until Plaintiffs submit the necessary evidence.

---

[9] The Court reserves judgment on whether the tax assessment is a party admission under Federal Rule of Evidence 801(d)(2).  Neither party has informed the Court what authority made the tax assessment or what relationship, if any, the assessing authority has to the condemning authority.

Thus, the Court will grant Plaintiffs' Motion *in Limine* Regarding Assessed Valuation and Estate Inventories in that it seeks to exclude the tax assessment from evidence and deny Plaintiffs' motion in that it seeks to exclude estate inventories and David Zabell's probate filings.

**E.      Plaintiffs' Motion *in Limine* Regarding Defendants' Exhibit W**

Defendants' Exhibit W is a July 2, 1992 memorandum from Joyce Foondle to Warren Crooks.  In her memorandum, Foondle asked Crooks, a plumbing inspector, to check the property to see if it had plumbing.  Crooks responded by a handwritten note on the same memorandum that the property did not have plumbing.  Plaintiffs have moved to exclude the letter as hearsay.

While the Foondle memorandum is hearsay, Defendants assert that it qualifies as a business record and is excepted from the hearsay rule.  Fed. R. Evid. 803(6).  Under Rule 803(6) a report must satisfy four requirements to be admitted into evidence:

> (1) it must have been kept in the regular course of a regularly conducted business activity; (2) it must have been kept in the regular course of that business; (3) the regular practice of that business must have been to have made the memorandum; and (4) the memorandum must have been made by a person with knowledge of the transaction or from information transmitted by a person with knowledge.

*Redken Lab. v. Levin*, 843 F.2d 226, 229 (6th Cir. 1988).  Foondle's memorandum meets these requirements.  The memorandum appears to have been created in the course of regular business activity, kept in the regular course of the Emmett Township Public Service Department, made as a regular practice, and Foondle had personal knowledge for the contents she authored.  Furthermore, for the same reasons, Crooks' handwritten response also qualifies as a business record and will not be excluded as hearsay.  Fed. R. Evid. 805.  Therefore, the Foondle memorandum and all its contents qualify as a business record and is excepted from the hearsay rule, and the Court will deny Plaintiffs' Motion *in Limine* Regarding Defendants' Exhibit W.

**F.**      **Plaintiffs' Motion *in Limine* Regarding Defendants' Exhibits X and H**

Defendants' Exhibits X and H are minutes of Emmett Township Dangerous Building

Hearings.  Exhibit X demonstrates that Building Inspector Steve Buller regarded the buildings as

dangerous, recommended demolition, and that Hearing Officer Mark Brown concurred with Buller's

recommendation.  Exhibit H indicates that the property was ordered to be demolished by Hearing

Officer Brown and how bids were taken to complete the demolition order.  Plaintiffs move to

exclude the minutes because they claim the evidence is not relevant and is unfairly prejudicial.  Fed.

R. Evid. 401; Fed. R. Evid. 403.

The Federal Rules of Evidence dealing with relevancy are "quite liberal and provide that

'evidence having *any* tendency to make the existence of any fact that is of consequence to the

determination of the action more probable or less probable than it would be without the evidence'

is relevant."  *Robinson v. Runyon*, 149 F.3d 507, 512 (6th Cir. 1998) (quoting Fed. R. Evid. 401)

(emphasis in original).  Evidence that the property was considered dangerous, that demolition was

ordered, and that outlines the procedure used to complete that order is clearly relevant to Plaintiffs'

section 1983 claim, wherein Plaintiffs assert a deprivation of Fifth Amendment due process.

Plaintiffs' appeals under Rule 403 are similarly unavailing.  Unfair prejudice means an

"undue tendency to suggest a decision based on improper considerations; it 'does not mean the

damage to a defendant's case that results from legitimate probative force of the evidence.'"

*Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (other citations omitted).

Plaintiffs have simply argued the merits of their due process deprivation but provided no basis as to

why this evidence would be prejudicial, surmising that "the only reason [the evidence] will be

offered is for prejudice."  Unfounded speculation and conclusory allegations do little to advance Plaintiffs' claim of unfair prejudice.

Thus, the Court will deny Plaintiffs' Motion *in Limine* Regarding Defendants' Exhibits X and H.

**G.      Plaintiffs' Motion to Amend the Joint Final Pretrial Order**

Plaintiffs move to amend the Joint Final Pretrial Order; however, no such order exists. Plaintiffs should be advised that a Proposed Joint Final Pretrial Order was submitted to this Court on April 7, 2005 and has yet to be accepted.  Therefore, the Court will construe the instant motion as one to amend the Proposed Joint Final Pretrial Order.

Plaintiffs seek to amend the Proposed Joint Final Pretrial Order to remove Mark Eaton as a deeded owner of the property.  Plaintiffs also seek to introduce a deed for the property wherein Mark Eaton grants his interest to Sheri Weigand as Plaintiffs' Exhibit 21.  Because Defendants do not oppose the motion, the Court will accept the amendment and observe that the record owners of the property are Roger Eaton, David Eaton and Sheri Weigand.[10]

Thus, the Court will grant Plaintiffs' Motion to Amend Joint Proposed Pretrial Order.

**IV.    Conclusion.**

Therefore, the Court will grant Plaintiffs' Motions *in Limine* Regarding Defendants' Exhibit V, the Measure of Damages, and to Amend Joint Proposed Pretrial Order.  The Court will further grant in part and deny in part Plaintiffs' Motion *in Limine* Regarding Assessed Valuation and Estate Inventories.  The Court will deny Plaintiffs' Motion *in Limine* Regarding Defendants' Exhibit W,

---

[10] Plaintiffs should further be advised to consult Western District of Michigan Local Civil Rule 7.1(d) and seek Defendants' concurrence before filing future motions.

X, and H.  The Court will grant Defendants' Motion *in Limine* Regarding Plaintiffs' Exhibit 18.  An

Order consistent with this Opinion shall issue.


Date:  November 3, 2005                                    /s/ Ellen S. Carmody
                                                     ELLEN S. CARMODY
                                                     United States Magistrate Judge